UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HINDS,

               Plaintiff,          Civil Action No. 2:20-CV-12032
                                      HON. GEORGE CARAM STEEH
v.                                  UNITED STATES DISTRICT JUDGE

DANIEL HARNPHANICH and
CHRISTOPHER BUSH,

               Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL AND ORDER DIRECTING SERVICE

Before the Court is Plaintiff Michael Hinds' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at FCI Milan, in Milan, Michigan. His initial application to proceed without prepaying fees and costs in this case was deficient and he was ordered by the Court to correct that deficiency. He has now done so, and his application to proceed *in forma pauperis* will be granted by separate order.

As explained further below, plaintiff has failed to state a claim for which relief may be granted against Defendant Daniel Harnphanich, and Harnphanich will be DISMISSED WITH PREJUDICE. The suit may proceed against the other named defendant, Christopher Bush.

## I.   <u>Background</u>

Plaintiff filed a complaint in 2018 alleging the same issues as those alleged here, in *Hinds v. Unknown Detroit Police Officers*, Civil Action No. 18-10356. That case was dismissed without prejudice after plaintiff was unable to name the defendants he wished to sue. (*See id*., ECF No. 9.) In the case now before the Court, plaintiff has identified the two police officers and re-filed suit.

On November 23, 2017, plaintiff was stopped on Ellsworth Street in Detroit, Michigan, by two Detroit police officers, Daniel Harnphanich and Christopher Bush, for "improper transport" of his medical marijuana. (ECF No. 1, PageID.4.) Plaintiff offered to show the officers his Michigan medical marijuana registry card, but the officers declined to look at it. (*Id*.) Instead, the officers ordered him out of the vehicle. He was arrested for a gun and drugs which police found during their search. (*Id*.)

Plaintiff claims that while he was in custody, defendant Christopher Bush grabbed his penis. (*Id*.) He claims the officers' warrantless search violated his Fourth Amendment rights and that they illegally seized his medical marijuana. (*Id*.) He seeks money damages of $800 for the

confiscated marijuana and $1,000,000 for the grabbing of his penis. (*Id*. at 6.)

## II. <u>Legal Standard</u>

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court must screen for colorable merit every prisoner complaint filed against a state or governmental entity, and is required to dismiss those prisoner actions in which the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact and may be dismissed if it "based on legal theories that are indisputably meritless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 327-28 (1989)); *see also Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). When evaluating a complaint under that standard, courts "construe the complaint in the light

most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 at 555 (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555.

Consistent with *Twombly* and *Iqbal*, the Sixth Circuit has observed that "[d]espite the leniency afforded to . . . *pro se* litigant[s], . . . our standard of review requires more than the bare assertion of legal conclusions, and thus the complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some

–4–

viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

To establish a prima facie civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff must establish the liability of each individual defendant by that person's own conduct. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S.at 676.

### III.   Discussion

Plaintiff's allegations against defendant Daniel Harnphanich fail to state a claim upon which relief may be granted. While a *pro se* litigant receives "indulgent treatment," *Hill*, 630 F.3d at 471, courts are not obligated to "conjure up unplead allegations." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir.

2011) ("it is still necessary to include some 'well-pleaded factual allegations' to support the claim.") (quoting *Iqbal*, 129 S. Ct. at 1950).

Plaintiff's only allegations against defendant Harnphanich are that he and defendant Bush detained plaintiff, that both defendants acted in violation of Michigan state law and used "false laws" to perform a warrantless search in violation of his due process rights, and that they illegally seized his marijuana. ECF No. 1, PageID.4-5. None of those allegations state a claim under section 1983.

The Michigan Medical Marihuana Act, Mich. Comp. Laws § 333.26421, *et seq*., does not undermine a determination of probable cause, nor does it protect an individual from a warrantless search. *United States v. Trevino*, 388 F. Supp. 3d 901, 906 (W.D. Mich. 2019) (citing *Johnson v. Williams*, No. 14-cv-12790, 2016 WL 1425706, at *2 (E.D. Mich. Apr. 12, 2016) (Levy, J.) ("[T]he protections of the MMMA do not extend so far as to . . . prohibit searches when a valid MMMA card is a potential defense to arrest or other punishment."); *United States v. Hinds*, No. 18-20533, 2019 WL 1923254 (E.D. Mich. Apr. 30, 2019) (Roberts, J.)) (other citation omitted).

In fact, the court in plaintiff's criminal case denied his motion to suppress the evidence seized in the warrantless search he challenges

–6–

here, holding that "the MMMA does not address, nor prohibit, searches of spaces for marijuana." *Hinds*, 2019 WL 1923254, at *2 (citing Mich. Comp. Laws § 333.26424). Later rejecting plaintiff's motion for reconsideration, that court held that police officers "legitimately stopped Hinds' car. . . . Under these circumstances and under federal law, officers lawfully had probable cause to search the vehicle." *United States v. Hinds*, No. 18-20533, 2020 WL 532398, at *1 (E.D. Mich. Feb. 3, 2020). The Court agrees with the analysis of its sister court,[1] and holds that the warrantless search here did not violate plaintiff's Fourth Amendment rights.

Because defendant Harnphanich took no action in violation of plaintiff's federal or constitutional rights, plaintiff has failed to state a claim against him on which relief may be granted.

Plaintiff's due process claim against defendant Bush, that Bush stuck his hand in plaintiff's pants and grabbed his penis, does survive screening. *See Whitledge v. City of Dearborn*, No. 18-11444, 2019 WL 4189496, at *6

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n. 3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd*, 139 S. Ct. 1826 (2019) (citing *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999)). While this doctrine typically does not extend to the factual findings of another court, notice may be taken of "proceedings in other courts . . . if those proceedings have a direct relation to matters at issue." *United States v. Neal*, 577 F. App'x 434, 452 (6th Cir. 2014) (citing *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) (other citations omitted).

(E.D. Mich. Sept. 4, 2019) (Cleland, J.) (in a case involving a police officer groping a driver's breast during a traffic stop, the officer was on notice that "sexual assault of a traffic stop detainee amounts to a constitutional violation") (citations omitted). Other circuits have also found sexual abuse or harassment associated with a traffic stop to be a due process violation. *See*, *e.g.*, *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001); *Haberthur v. City of Raymore, Mo*., 119 F.3d 720, 723–24 (8th Cir. 1997). Accordingly, the case may proceed against defendant Bush.

## IV.    Conclusion and Order

For the reasons stated above, the complaint will be DISMISSED WITH PREJUDICE as to the claims against defendant Daniel Harnphanich.

Having concluded that the claims against defendant Bush are not subject to summary dismissal, the Court DIRECTS that a copy of the complaint and a copy of this order be served upon defendant Bush by the United States Marshal without prepayment of costs.

IT IS SO ORDERED.

Dated:  October 8, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 8, 2020, by electronic and/or ordinary mail and also
on Michael Hinds #566920-039, Milan Federal Correctional
Institution, Inmate Mail/Parcels, P.O. Box 1000,
Milan, MI 48160.

s/Brianna Sauve
Deputy Clerk