UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HINDS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER BUSH,<br><br>Defendant. | Case No. 20-12032<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 32]

Plaintiff Michael Hinds, a pro se prisoner, sues Defendant Christopher Bush under 42 U.S.C. § 1983, alleging that Bush violated his rights under the Fourth and Fourteenth Amendments. ECF No. 1. The Honorable George Caram Steeh referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 20.

In November 2021, a summons was issued for Bush, and Bush was served on December 30, 2021. ECF No. 24; ECF No. 28. The Court noted that Bush never filed an answer, and "Hinds has not moved for default judgment." ECF No. 31, PageID.74. Thus, the Court ordered Hinds to show cause in writing why the complaint should not be dismissed for failure

1

to prosecute. *Id*. Hinds then moved for default judgment because Bush did not answer the complaint. ECF No. 32, PageID.76.

But the usual procedural rules for answering complaints do not apply in § 1983 actions. *Jones v. Bock*, 549 U.S. 199, 200 (2007). Under 42 U.S.C. § 1997e(g)(1), "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other facility under section 1983" and "[n]o relief shall be granted to the plaintiff unless a reply has been filed." Thus, Bush has "no obligation to reply to the complaint until ordered by the court." *Stevenson v. MDOC*, No. 107-CV-213, 2007 WL 1202310, at *1 (W.D. Mich. Apr. 23, 2007).[1] The Court apologizes for the confusion caused by its earlier order, but it must **RECOMMEND** that Hind's motion for default judgment be **DENIED**.

Dated: September 29, 2022

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's

---

[1] The Court has now ordered Bush to answer Hinds' complaint.

findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2022.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager