UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL HINDS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER BUSH,<br><br>Defendant. | Case No. 20-12032<br>Honorable George Caram Steeh<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT; DENY PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT; AND SUA SPONTE DISMISS IN PART PLAINTIFF'S AMENDED COMPLAINT
[ECF NOS. 38, 42]**

## I.   Introduction

Plaintiff Michael Hinds, a pro se prisoner proceeding in forma pauperis, sues under 42 U.S.C. § 1983.  ECF No. 1; ECF No. 43.  The Honorable George Caram Steeh dismissed part of Hinds' initial complaint and referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 8; ECF No. 20.  Pending before the Court are Defendant Christopher Bush's motion to dismiss or for summary judgment, and Hinds' motion for relief from the order partially dismissing his case.

1

ECF No. 38; ECF No. 42.  For the reasons below, Bush's motion should be granted in part and denied in part, and Hinds' motion should be denied. Parts of Hinds' amended complaint should also be dismissed sua sponte.

## II.   Background

Hinds' initial complaint alleged that Bush and Officer Daniel Harnphanich violated his Fourth Amendment rights when conducting a warrantless search of his car and seizing his medical marijuana in November 2017.  ECF No. 1, PageID.4.  Hinds also alleged that Bush violated his due process rights by grabbing his penis.  *Id*., PageID.5.  On initial screening of Hinds' complaint,[1] Judge Steeh dismissed the claim against Harnphanich and held that the warrantless search at issue did not violate Hinds' Fourth Amendment rights.  ECF No. 8, PageID.27.  To find that the search of Hinds' car was constitutional, Judge Steeh relied on the denial of Hinds' motion to suppress in his criminal case.  *Id*., PageID.26-27 (citing *United States v. Hinds*, No. 18-20533, 2019 WL 1923254 (E.D. Mich. Apr. 30, 2019) (Roberts, J.)).  But Judge Steeh found that Hinds' claim that Bush violated his due process rights by grabbing his penis survived initial

---

[1] The initial screening of Hinds' complaint was required under the Prison Litigation Reform Act.  *See* ECF No. 8, PageID.23 (citing 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)).

screening. *Id*., PageID.27-28. Hinds filed two motions for reconsideration that were both denied. ECF No. 12; ECF No. 15; ECF No. 34; ECF No. 35.

After the Court ordered Bush to respond to the complaint, he moved for dismissal or summary judgment of Hinds' complaint, asserting that his claims are barred by the statute of limitations and that the search and seizure claims are barred by the *Heck* doctrine. ECF No. 35; ECF No. 38 (*citing Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). Hinds then moved for relief from judgment under Federal Rule of Civil Procedure 60(b), again asking to renew his claims against Harnphanich. ECF No. 42. He also filed an amended complaint making claims against Bush, Harnphanich, a prison warden, the city of Detroit, and the United States. ECF No. 43.

### III. Analysis

### A.

The Court first addresses the question of which of Hinds' complaints is operative. A party may amend his pleadings once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Hinds filed his amended complaint in less than 21 days after Bush moved to dismiss his complaint, so he did not have to move for leave to amend and his amended complaint is the operative one.

3

**B.**

The Court next addresses Hinds' motion for relief from judgment and the viability of the claims he makes in his amended complaint that Bush and Harnphanich violated his constitutional rights by racially profiling and selectively policing him. The viability of Hinds' amended complaint must be assessed now because he was granted leave to proceed without prepayment of the filing fee for this action due to his indigence. ECF No. 7. Under 28 U.S.C. § 1915(e)(2)(B), the Court must screen suits when the plaintiff is proceeding in forma pauperis and to dismiss the action sua sponte if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). To survive scrutiny under § 1915(e)(2), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

Hinds' Rule 60(b) motion for relief from the order dismissing Harnphanich should be denied and his racial profiling claims should be dismissed on initial screening.

Hinds asks for relief from the order because he made "several procedural errors" and has newly discovered bodycam evidence. ECF No.

4

42, PageID.156. Rule 60(b) permits a court to relieve a party of a final order because of "mistake, inadvertence, surprise, or excusable neglect," and because of "newly discovery evidence that, which reasonable diligence, could not have been discovered in time to move for a new trial." Rule 60(b)(1) & (2). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch*., Inc., 538 F.3d 448, 454 (6th Cir. 2008). Hinds falls well short of meeting this burden.

In his motion, Hinds does not specify any procedural errors that would change the reasoning for dismissing Harnphanich from this case. He also fails to explain why he could not have, with reasonable diligence, discovered the bodycam earlier, nor how that evidence would make his Fourth Amendment claims against Harnphanich or Bush viable. ECF No. 42.

Hinds states in his amended complaint that the bodycam evidence proves that Bush and Harnphanich engaged in racial profiling and selective policing when they searched his car and seized items in November 2017. ECF No. 43, PageID.163-164. He does not specify the constitutional grounds for these claims, but he does refer generally to the Fourth, Fourteenth, and Sixth Amendments in his amended complaint. *Id*.,

5

PageID.161. Hinds does not have a viable Fourth Amendment claim. As noted, Judge Steeh already found that the officers committed no Fourth Amendment violation during the November 2017 traffic stop. ECF No. 8, PageID.26-27. And Bush's and Harnphanich's "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996); *see also Cunningham v. Sisk*, No. 1:01-CV-182, 2003 WL 23471541, at *8 (E.D. Tenn. Dec. 4, 2003), *aff'd*, 136 F. App'x 771 (6th Cir. 2005) ("The subjective intentions and motives of the arresting police officers are immaterial to a proper analysis of a Fourth Amendment claim of false arrest without probable cause.").

A claim of racial profiling may be brought under the Equal Protection Clause of the Fourteenth Amendment. *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1160 (6th Cir. 2021). But Hinds pleads no facts to support a viable equal protection claim. *Id*. (stating that the plaintiff "did not need to expressly plead legal theories; it needed to plead factual allegations that impliedly established at least one viable theory" to support an equal protection claim). Hinds says only this in his amended complaint: "Christopher Bush and Daniel Harnphanich [were] Racial Profiling and Selective policing me. There is body-cam video." ECF No. 43; PageID.163.

Hinds' equal protection claim is not viable for another reason.  Under the *Heck* doctrine, a plaintiff cannot bring an action "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  As a result of the November 2017 arrest at issue, Hinds was convicted of possession with intent to distribute controlled substances, possession of a firearm by a prohibited person, and possession of a firearm in furtherance of a drug trafficking crime.  ECF No. 38-1, PageID.117.  A finding that the officers "violated the Constitution by arresting/charging Plaintiff based on his race would necessarily imply the invalidity of his continued confinement." *Watson v. Shumate*, No. 3:18-CV-P460-GNS, 2018 WL 6728572, at *3 (W.D. Ky. Dec. 21, 2018).

Thus, Hinds' Rule 60(b) motion to renew his claims against Bush and Harnphanich challenging the constitutionality of the traffic stop should be denied.

## C.

The next issue is Bush's motion to dismiss based on the statute of limitations.  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

7

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison*

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Iqbal*, 556 U.S. at 678. But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison*

*Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Bush argues that while Hinds filed his complaint within the statute of limitations, the limitations period was not tolled because Hinds failed to timely serve the complaint. ECF No. 38, PageID.110-111.

"Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations." *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (cleaned up). For § 1983 actions arising in Michigan, federal courts borrow the state's three-year limitations period for personal injury actions. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (cleaned up); *see also* Mich. Comp. Laws § 600.5805(2). Here, the three-year limitations period did not expire before the complaint was filed. The alleged constitutional violation occurred in November 2017 and Hinds filed his complaint in July 2020. ECF No. 1.

True, "[i]f a defendant is not served within 90 days after the complaint is filed," the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). Bush was not served within the 90-day period described in Rule 4(m). But the Court must "extend the time for service for an appropriate period" if the plaintiff shows "good cause for the failure." *Id*. And Rule 4(m) "permits the court to extend the time for service

9

as an alternative to dismissal of an action without prejudice. No requirement for a showing of good cause now limits the court's discretion." *Whitaker v. Stamping*, 302 F.R.D. 138, 145 (E.D. Mich. 2014).

For pro se prisoners proceeding in forma pauperis, "good cause" may depend on the Marshal Service's efforts to serve the defendant. 28 U.S.C. § 1915(d) (when a plaintiff proceeds in forma pauperis, "[t]he officers of the court shall issue and serve all process"). The Marshal Service must make reasonable efforts to serve defendants on behalf of pro se prisoners proceeding in forma pauperis. *VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004); *Spencer v. Bynum*, No. 2:13-13056, 2013 WL 4041870, at *2 (E.D. Mich. Aug. 8, 2013).

Bush cites *VanDiver* to claim that Hinds' inaction supersedes the Marshal Service's neglect in serving the complaint. ECF No. 51, PageID.298. But in *VanDiver*, the court dismissed the complaint because the plaintiff "[sat] by in silence when he knew that service had not been executed" by the Marshal Service. 304 F. Supp. 2d at 943. The court reasoned that the plaintiff took "no further action" after receiving in the mail "notice that [defendants] were never served with the complaint through the clerk's 'Notice of Denial of Request for Clerk's Entry of Default.'" *Id.*

10

Unlike the *VanDiver* plaintiff, Hinds had no notice that Bush was not served with the complaint before the statute of limitations period expired. He reasonably believed when he moved for default judgment in May 2021 that the Marshal Service had "duly served the summons instructing and informing [Bush] that a complaint has been filed." ECF No. 22, PageID.53. This Court did not discover that the Marshall Service had mistakenly served Bush at the wrong address until November 2021, when the statute-of-limitations period had nearly expired.

Under the circumstances here, the period for the summons should be retroactively tolled to December 2021, when Bush was finally served, and the motion to dismiss should be denied. *See* ECF No. 27; *Whitaker*, 302 F.R.D. at 145 (finding that a summons retroactively tolled the statute of limitations because the plaintiff learned of deficient service only after the limitations period expired and he received no prior indication that service was insufficient).

## D.

In his October 2022 amended complaint, Hinds added claims against Jonathan Hemingway, the warden of FCI Milan; the city of Detroit; and the United States. ECF No. 43. The claims against these defendants should be dismissed sua sponte.

11

Hinds made no effort to have the new defendants served within the Rule 4(m) 90-day period. Unlike Hinds' efforts to serve Bush, he sat by silently without seeking summonses for the newly added defendants or requesting that the Marshal Service serve them with the amended complaint. In fact, Hinds moved for more time to properly serve Bush in December 2022 and made no mention of the other defendants in his amended complaint. ECF No. 53.[2] Thus, the claims against the newly added defendants in the amended complaint should be dismissed under Rule 4(m).

There are other reasons to dismiss the newly added defendants from this case.

First, Hinds' claim against Hemingway is that Milan officers denied him access to his lawyer in February 2022, and one officer said that he was following Hemingway's orders. ECF No. 43, PageID.163. Under Federal

---

[2] The Court has found this motion was moot because it had already acknowledged that Bush had been served and ordered Bush to respond to the complaint. ECF No. 35, PageID.86. Bush then filed his motion to dismiss in October 2022. ECF No. 38. Hinds filed his motion to extend the time to serve Bush because Bush argued in his reply brief that he has never been properly served with the complaint. ECF No. 51, PageID.299-300. Bush's claim of deficient service was made too late. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (finding that a party cannot raise new issues in a reply brief); Fed. R. Civ. P. 12(h) (a defense of insufficient service of process is waived if it is not raised in the first responsive pleading).

Rule of Civil Procedure 20(a)(2), multiple defendants may be joined in a single action if the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Hinds' claims against Hemingway are unrelated to his claims against Bush; his claims against them "belong in different lawsuits."  *Townsend v. Rhodes*, No. 4:14-CV-10411, 2015 WL 5336630, at *3 (E.D. Mich. Sept. 14, 2015).  Thus, this Court has the discretion to dismiss the claims against Hemingway.  Fed. R. Civ. P. 21; *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 682 (6th Cir. 1988).

Secondly, Hinds fails to state plausible claims against the United States.  Hinds sues the United States "for 10,000 a day for everyday [he's] unlawfully held in their custody."  ECF No. 43, PageID.166.  He alleges no authority that would permit him to seek damages against the United States for unlawful imprisonment.  And any claim for damages suggesting that his continued confinement is unlawful lacks merit under the *Heck* doctrine.  *Wilkinson*, 544 U.S. at 81-82.

Finally, Hinds fails to state a plausible claim against the city. Municipal liability arises only if the challenged conduct occurred under the city's "official policy" so that the city's "promulgation or adoption of the policy can be said to have 'caused' one of its employees to violate the Plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A party cannot be liable under § 1983 based on respondeat superior. *Monell*, 436 U.S. at 388-89. "A plaintiff must therefore specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga Cty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013). Hinds' amended complaint states that the city did not do an "adequate job" of "training and supervising their employee," but provides no factual support. ECF No. 43, PageID.165. This conclusory allegation does not state a plausible claim against the city. *Brown,* 517 F. App'x at 436 (plaintiff's claim that county failed to properly train police officers lacked the factual detail needed to state a claim for municipal liability); *Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 498 (W.D. Ky. 2021) ("Bare-bones assertions of liability offer no basis on which the Court could infer that Louisville Metro's training (or lack thereof) violated the Constitution.").

## IV. Conclusion

The Court **RECOMMENDS** that Bush's motion to dismiss or for summary judgment (ECF No. 38) be **GRANTED IN PART AND DENIED IN PART**; that Hinds' motion for relief from judgment (ECF No. 42) be **DENIED**; and that all claims and defendants except the due process claim against Bush be **DISMISSED** from Hinds' amended complaint sua sponte.

Dated: January 26, 2023

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 26, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
