UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL HINDS,

        Plaintiff,

                                         Case No. 20-CV-12032

vs.

                                         HON. GEORGE CARAM STEEH

CHRISTOPHER BUSH,

        Defendant.
_____/

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (ECF No. 89) AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 69)

Plaintiff Michael Hinds filed a complaint against defendant police officer Christopher Bush under 42 U.S.C. § 1983, alleging that Bush violated his due process rights by grabbing his penis during a search incident to his arrest. Bush moved for summary judgment, arguing that he is entitled to qualified immunity (ECF No. 69). The motion was referred to the Magistrate Judge, who prepared a Report and Recommendation (R&R) recommending that Bush's motion be granted (ECF No. 89). The matter is before the court on plaintiff's timely objections (ECF No. 90). For the reasons set forth below, plaintiff's objections are overruled and the R&R is adopted as an order of the court.

When ruling on objections to an R&R, the court conducts a *de novo*

review of the portions of the R&R to which a party has filed specific objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). On the other hand, general objections, or ones that merely restate arguments previously presented to the magistrate judge, are not valid objections and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001).

I.  Objection to Application of Summary Judgment Standard

Plaintiff argues "[t]he Magistrate Judge erred in failing to construe the evidence regarding Defendant's repeated grabbing and squeezing of Plaintiff's penis in the light most favorable to Plaintiff as the non-moving party." Both parties rely on Bush's police body camera video of the incident to support their interpretation of what occurred. In his first objection plaintiff contends that the Magistrate Judge improperly made a credibility determination when concluding that the video evidence contradicts plaintiff's version of the events.

The Magistrate Judge viewed and analyzed the video and audio from the body camera and determined that it contradicted plaintiff's version of the facts. The court notes that plaintiff did not submit any additional evidence to support his description of what happened. "When opposing

parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380-81 (2007). "Witness accounts seeking to contradict an unambiguous video recording do not create a triable issue and a court need not construe the record in such a manner that is wholly unsupportable—in the view of any reasonable jury—by the video recording." *Shreve v. Franklin Cnty.*, 743 F.3d 126, 132 (6th Cir. 2014) (cleaned up). Here, the Magistrate Judge applied the proper standard in construing the evidence presented.

    Plaintiff also alleges that the Magistrate Judge erred in "suggesting that because Plaintiff concealed money in his underwear, Defendant was justified in however he chose to retrieve it." Plaintiff glosses over the Magistrate Judge's detailed description of the bodycam video showing Bush searching for the cash, first in the vehicle, then in Hinds' sweatshirt pockets, and finally in his underwear, after first confirming that was where the money was located. The Magistrate Judge characterized the contact between Bush's hand and Hinds' penis as "momentary." It was only after making this finding that the Magistrate Judge commented that the situation was created by Hinds' decision to conceal the contraband in his underwear

- 3 -

(ECF No. 89, PageID.594). *See United States v. Jackson*, 801 F. App'x 941, 947 (6th Cir. 2020) (finding that a five to ten second search of the plaintiff's pants to retrieve a suspicious object was reasonable).

The Court overrules plaintiffs' first objection.

II.   <u>Objection for Failure to Acknowledge Clearly Established Law</u>

Plaintiff contends that the Magistrate Judge "fail[ed] to acknowledge that the clearly established law at the time of the incident held that individuals have a Fourth Amendment right to be free from conscience-shocking sexual abuse during a search incident to arrest by state actors. *United States v. Lanier,* 201 F.3d 842, 843 (6th Cir. 2000). Plaintiff's objection relies on his unsupported premise that Officer Bush repeatedly grabbed and squeezed and groped plaintiff's penis so as to amount to a sexual assault. However, the Magistrate Judge concluded that plaintiff's interpretation and assertions as to Bush's actions and motive were not supported by the body camera video and audio, which was the only evidence before the court.

Plaintiff's second objection is overruled.

This Court agrees with the analysis conducted and adopts the recommendation made by the Magistrate Judge. Now, therefore, the R&R is adopted as an order of the Court.

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 89) is adopted by the Court.

IT IS HEREBY FURTHER ORDERED that defendant's motion for summary judgment (ECF No. 69) is GRANTED.

Dated:   January 31, 2024

s/George Caram Steeh  
HON. GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 31, 2024, by electronic and/or ordinary mail.

s/LaShawn Saulsberry  
Deputy Clerk

---